IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DEAN A. POYNTER, and LOIS M. POYNTER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| OCWEN LOAN SERVICING, LLC., *et al.*, | ) ) |
| Defendants. | ) ) |

CASE NO.: 3:13-cv-00773-JGH

### DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITIES ON THE MOTION FOR CLASS CERTIFICATION

Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby files this notice of supplemental authorities upon which it intends to rely upon at the November 21, 2016 hearing in this case on the motion for class certification. These authorities are relied upon in response to Plaintiffs' Reply Memorandum in Support of Their Motion for Class Certification (Doc. 60, the "Reply"). In the Reply, Plaintiffs materially changed their proposed class definition in a manner that now mimics the elements of the claim in determining who—if anyone—qualifies as a class member, creating what would be a prohibited "fail-safe class." In light of Plaintiff altering the class definition in this manner for the first time in the Reply, Ocwen respectfully submits these additional authorities to the Court:

1.  In *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011), the Sixth Circuit stated that a class definition created "an improper fail-safe class" where it essentially recited the elements of the claim and limited the class to those who could prove those elements, thereby "shield[ing] the putative class members from receiving an adverse judgment." *Id.* at 352.

1

In a fail-safe class, "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Id.*

2. In *Jones-Turner v. Yellow Enter. Sys., LLC*, No. 3:07CV-218-S, 2011 WL 4861882 (W.D. Ky. Oct. 13, 2011) (attached hereto), this Court held that fail-safe classes are improper, in part, because "in order to ascertain who is a member of the class, the merits of each individual employee's claims would need to be reached." *Id.* at *3.

3. In *Schilling v. Kenton Cty., Ky.*, No. 10-143-DLB, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011) (attached hereto), another Kentucky federal court explained that such classes are also "inherently deficient" because "[d]efining class membership" through establishing the defendant's liability "is palpably unfair to the defendant, and is also unmanageable." *Id.* at *6 (internal quotations omitted). "A class definition is therefore too general where it requires the Court to determine whether an individual's . . . rights have been violated in order to ascertain membership in the class itself." *Id.* at *5.

4. In *Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22-JMH, 2010 WL 1978862 (E.D. Ky. May 14, 2010) (attached hereto), the Eastern District of Kentucky explained that a class definition creates an impermissible fail-safe class where it is drawn such that only individuals who have a valid claim could be members of the class—i.e., where "class membership is also determinative of liability." *Id.* at *2.

5. In *Eager v. Credit Bureau Collection Servs., Inc.*, Nos. 1:13-CV-30, 1:13-CV-84, 1:13-CV-173, 1:13-CV-261, 2014 WL 3534949 (W.D. Mich. July 16, 2014) (attached hereto), another federal district court in the Sixth Circuit found that the proposed class definition created a fail-safe class where an individual's class membership depended on whether a central allegation was true "and require[d] an individualized inquiry on the merits for each putative class member."

*Id.* at *4–5.

6.     In *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015), the Court found that the plaintiff made "a distinction without a difference" in arguing that "he has not defined a class based on the issue of consent, but has instead defined a class based on the objective fact of consent." *Id.* at 539–40.

Because Plaintiffs are now attempting a class definition under which "class membership is also determinative of liability," *Kissling*, 2010 WL 1978862, at *2, class certification is due to be denied for the additional reason that such a "fail-safe" class definition would improperly "shield[] the putative class members from receiving an adverse judgment," *Randleman*, 646 F.3d at 352.

Respectfully submitted,

*/s/ Edmund S. Sauer*
Edmund S. Sauer
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone:     (615) 244-2582
Facsimile:     (615) 252-6380
esauer@babc.com

Christopher M. Hill
Christopher M. Hill & Associates
641 Teton Trail
Frankfort, KY 40601
Telephone:     (502) 226-6100
Facsimile:     (502) 223-0700
chrish@hillslaw.com

*Attorneys for Defendants*

3

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 18, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record in the Court's ECF filing system.

                s/Edmund S. Sauer
                Edmund S. Sauer